IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**09/18/2007**

|                                  |   |                         |
|----------------------------------|---|-------------------------|
| IN RE                            | ) |                         |
| ELIJAH J. BUFFINGTON,            | ) | CASE NO. 07-80205-G3-7  |
| Debtor,                          | ) |                         |
| ROBBYE R. WALDRON, TRUSTEE,      | ) |                         |
| Plaintiff,                       | ) |                         |
| v.                               | ) | ADV. NO. 07-8015  U     |
| ELIJAH J. BUFFINGTON D/B/A       | ) |                         |
| J.D.A.A. ENTERPRISES, INC.,      | ) |                         |
| Defendant.                       | ) |                         |

MEMORANDUM OPINION

The court has held a consolidated hearing on the
"Amended Motion of Debtor to Convert Case to Chapter 13, or in
the Alternative, Motion to Dismiss Case" (Docket No. 49, Case No.
07-80205-G3-7) filed in the above captioned Chapter 7 case, and
the "Trustee's Second Emergency Motion for an Order of Civil
Contempt Against Elijah J. Buffington and J.D.A.A. Enterprises,
Inc. DBA Complete Party Store" (Docket No. 22, Adv. No. 07-8015)
filed in the above captioned adversary proceeding. The following
are the Findings of Fact and Conclusions of Law of the court.
Separate judgments will be entered granting in part the motion
for contempt, and denying without prejudice the motion to convert
or dismiss. To the extent any of the Findings of Fact are

considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Elijah J. Buffington ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 26, 2007.  Robbye R. Waldron ("Trustee") is the Chapter 7 Trustee.

On the petition date, Debtor operated a business as a sole proprietorship, selling and renting party supplies and helium tanks to various customers.  Prior to August 25, 2006, the business was operated by a corporation, J.D.A.A. Enterprises, Inc. ("JDAA").  Prior to September 2, 2005, the corporation was owned and operated by Debtor and Debtor's spouse, Brenda Buffington.  On September 2, 2005, Brenda Buffington resigned her positions with JDAA and conveyed her interest to Debtor. (Trustee's Exhibit A).  On August 25, 2006, JDAA forfeited its corporate charter.  (Trustee's Exhibit C).

Despite the forfeiture of the corporate charter, Debtor continued to treat the finances of the former corporation as though they were separate from his individual finances.  Debtor testified that he continued to operate the business as a sole proprietorship prepetition.

After the petition date, Debtor continued to operate the business as a sole proprietorship, selling inventory, renting

2

equipment and helium tanks, and collecting funds.  Although
Debtor has asserted that he believed JDAA was in good standing,
Debtor declared as exempt on his initial Schedule C (which was
filed on April 26, 2007) several assets of the corporation,
including a warehouse and a vehicle, and also declared that he
had as personal property inventory consisting of "Misc. Party
Supplies/Helium/Balloons" (Docket No. 1, Case No. 07-80205-G3-7).
The court finds that Debtor had knowledge on the petition date
that JDAA had forfeited its corporate charter.

On August 3, 2007, the Chapter 7 Trustee filed Adv. No.
07-8015, seeking injunctive relief prohibiting Debtor from
transferring the assets of the former business, and seeking
turnover of those assets.

On August 8, 2007, following a contested hearing, the
court entered a temporary restraining order, inter alia
prohibiting Debtor, his family, agents, or representatives and
JDAA from entering the warehouse, removing assets, inventory,
equipment or other property, representing that they owned
property in the warehouse, spending any revenues derived from the
business (other than $1,000 for living expenses), and secreting
the assets.  The order also required that Debtor turn over to
Trustee all documents related to JDAA, as well as all funds other
than the $1,000 for living expenses.  (Docket No. 9, Adv. No. 07-
8015).

Notwithstanding entry of the temporary restraining order, Trustee testified that Debtor failed to turn over the assets to Trustee, and continued to act in violation of the temporary restraining order.  He testified at the preliminary injunction hearing, held August 15, 2007, that only a three-ring binder containing pictures and an appraisal was turned over.

At the conclusion of the August 15, 2007 hearing, the court entered a preliminary injunction, again ordering Debtor to turn over to Trustee the warehouse, all furniture, fixtures, equipment, vehicles and inventory located at the warehouse, and all records of JDAA.  The court granted to Trustee the authority to take possession of all property, both real and personal, including all inventory and business records, located at the warehouse, by way of the changing of locks and any other means necessary to protect and secure the property of the bankruptcy estate.  (Docket No. 19, Adv. No. 07-8015).

In the instant motions, Debtor seeks either conversion of the instant Chapter 7 case to Chapter 13, or dismissal. Trustee opposes conversion of the case to Chapter 13, seeks reconversion to Chapter 7 if the case is converted, and in the instant motion for an order of contempt seeks a determination that Debtor is in contempt, with a $2,500 compensatory sanction, $250 per day in coercive sanctions, and incarceration of Debtor to coerce compliance with the preliminary injunction.

4

Trustee testified at the hearing on the instant motions that Debtor had not turned over the property in the warehouse. He testified that he was furnished only an inventory listing helium tanks.  He testified that, despite being authorized to change the locks at the warehouse, he has been unable to enter the warehouse, because he did not have the keys.

Trustee testified at the hearing on the instant motions that the estate has incurred $2,500 in additional expense as a result of Debtor's failure to turn over the assets.

Debtor testified that, on the date of the hearing on the instant motions, a truck containing inventory Debtor removed from the warehouse after the date of entry of the preliminary injunction was parked at Debtor's home.

Debtor testified that his only income, other than that deriving from the business, is from a rental house.  He testified that he has directed the tenant to make payments to Trustee.

Debtor's schedule E indicates an unsecured claim, in the amount of $549,900, owing to the Internal Revenue Service.


Conclusions of Law

The commencement of a case under the Bankruptcy Code creates an estate, with exceptions not present in the instant case, comprised of all legal or equitable interests of the debtor

5

in property as of the commencement of the case.  11 U.S.C. §
541(a)(1).

Under Texas law, forfeiture of a corporate charter by
the Secretary of State for non-payment of taxes acts as a
dissolution of the corporation.  In re ABZ Ins. Services, Inc.,
245 B.R. 255 (Bankr. N.D. Tex. 2000).

Under Texas law, upon the dissolution of a corporation
wholly owned by an individual shareholder, all assets and debts
of the corporation become assets and debts of the individual
shareholder.  Courseview, Inc. v. Phillips Petroleum Corp., 312
S.W.2d 197 (Tex. 1957).

In the instant case, the charter of JDAA was forfeited
prepetition, thus JDAA was dissolved, and its assets and debts
are those of Debtor.  Accordingly, upon the filing of the
petition, the assets of JDAA became property of the bankruptcy
estate.[1]

In a civil contempt proceeding, the party seeking an
order of contempt must establish (1) that a court order was in
effect, (2) that the order required certain conduct by the
respondent, and (3) that the respondent failed to comply with the
court's order.  Martin v. Trinity Industries, Inc., 959 F.2d 45

---

[1]The court notes that, on the date of the hearing on the
instant motion, Debtor presented what purports to be an action by
the Texas Secretary of State, dated August 30, 2007, reinstating
the corporation.  Even if this action is valid, the corporation
remains owned by the bankruptcy estate and subject to Trustee's
control.

(5th Cir. 1992).

In the instant case, the preliminary injunction was an order that required that Debtor not exercise control over property of the bankruptcy estate, and turn over that property to Trustee.  Debtor failed to comply.  The court concludes that Debtor is in contempt of the preliminary injunction.

The court has broad discretion in the fashioning of a remedy for civil contempt.  <u>American Airlines, Inc. v. Allied Pilots Ass'n</u>, 228 F.3d 574 (5th Cir. 2000).

In the instant case, the purpose of the preliminary injunction was to permit Trustee to take possession of the property of the estate.  The court has previously authorized Trustee to change the locks of the warehouse, but Trustee has apparently not done so.  The court concludes that it would be inequitable at this time to incarcerate Debtor in order to compel compliance with Debtor's obligation to turn over the property of the estate.  Moreover, the evidence indicates that Debtor has very little income other than that derived from the business he is being required to turn over to the estate, and so a daily award which Debtor appears unable to pay does not serve the purpose of coercing compliance.  The court concludes that the appropriate sanction is requiring Debtor to pay the $2,500 in attorney fees and expenses incurred by the Trustee.

Conversion is governed by Section 706 of the Bankruptcy Code.  Section 706(a) provides that a Chapter 7 debtor may convert to, _inter_ _alia_, Chapter 13, at any time if the case has not been converted.  Section 706(d) provides that a case may not be converted to a case under another chapter unless the debtor may be a debtor under such chapter.  11 U.S.C. § 706.

Section 109(e) of the Bankruptcy Code provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

In the instant case, Debtor scheduled unsecured debts in excess of the debt limits of Section 109(e).  Thus, Debtor is ineligible to be a Chapter 13 Debtor.  The court concludes that conversion to Chapter 13 should be denied.

Dismissal on a Debtor's motion is governed by Section 707(a) of the Bankruptcy Code.  See In re Dunlap, 217 F.3d 311 (5th Cir. 2000).  Section 707(a)(1) provides for dismissal, after notice and hearing, only for cause.

8

The Bankruptcy Code does not define "cause" for dismissal.[2]  Determination of whether cause for dismissal exists is made on a case by case basis.  Courts balance the equities and weigh the benefits and prejudices of a dismissal.  See Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

In the instant case, the Debtor continued operation of the business postpetition, and failed to turn over assets of the bankruptcy estate to the Trustee.  Debtor was represented by counsel who practices frequently in the bankruptcy courts, and thus his contempt for the bankruptcy process does not appear inadvertent.  Debtor has caused significant expenses to the Trustee, and remains in contempt of this court.  The court finds that it would be inequitable to permit Debtor to dismiss this case, and thereby reclaim possession of the property he has failed to turn over to the Trustee, in the absence of Debtor's compensating Trustee for the fees and expenses he has incurred in the administration of the above captioned Chapter 7 case.  Accordingly, the court concludes that Debtor's motion to dismiss should be denied without prejudice.

---

[2]Three examples of cause for dismissal are identified in Section 707(a):  1) unreasonable delay by the debtor that is prejudicial to creditors; 2) nonpayment of any fees or charges required under Chapter 13 of Title 28; and 3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of Section 521, but only on the motion of the United States Trustee.  The cause for dismissal as enumerated in Section 707(a) is non-exclusive.

Based on the foregoing, separate Judgments will be entered granting in part the motion for contempt, and denying without prejudice the motion to convert or dismiss.

Signed at Houston, Texas on September 18, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE